IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BETTY L. DRYE                                                                 PLAINTIFF

vs.                                  Civil No. 6:15-cv-06032

CAROLYN W. COLVIN                                        DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Betty L. Drye ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 8.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed her disability application on October 31, 2012. (Tr. 25, 136-139). In her application, Plaintiff alleges being disabled due to diabetes, heart problems, vision problems, and ankle problems. (Tr. 153). Plaintiff alleges an onset date of October 31, 2011. (Tr. 25). This application was denied initially and again upon reconsideration. (Tr. 74-92).

After Plaintiff's application was denied, Plaintiff requested an administrative hearing on her

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

application, and this hearing request was granted. (Tr. 99-115). Thereafter, on October 1, 2013, the ALJ held an administrative hearing on Plaintiff's application. (Tr. 38-73). At this hearing, Plaintiff was present and was represented by Donna Price. *Id.* Plaintiff and Vocational Expert ("VE") James Wallace testified at this hearing. *Id.* During this hearing, Plaintiff testified she was forty-four (44) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) (DIB). (Tr. 42). As for her education, Plaintiff testified she had obtained her GED. (Tr. 43).

On January 28, 2014, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 22-33). The ALJ found Plaintiff last met the insured status requirements of this Act on December 31, 2012. (Tr. 27, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") during the period from her alleged onset date through the date she was last insured or through December 31, 2012. (Tr. 27, Finding 2). The ALJ determined Plaintiff had the following severe impairment: history of ankle fracture. (Tr. 27-28, Finding 3). The ALJ also determined Plaintiff's impairment did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 28-29, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 29-31, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, the undersigned find that, through the date last insured, the claimant has the residual functional capacity to perform light work activities as defined in 20 CFR 404.1567(b), and she would be capable of performing postural activities occasionally. However, the claimant would be unable to climb ladders, ropes, or scaffolds.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined she was unable to perform any of her PRW. (Tr. 31-32, Finding 6). The ALJ then evaluated whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 32-33, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.* Considering Plaintiff's RFC, PRW, education, and age, the VE testified a hypothetical person with Plaintiff's limitations retained the capacity to perform representative occupations such as the following: (1) Cashier II with 1,677,000 such jobs in the United States and 14,879 such jobs in the state; and (2) Fast food worker with 2,147,000 such jobs in the United States and 16,300 such jobs in the state. (Tr. 33). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, at any time from October 31, 2011, her alleged onset date, through December 31, 2012, her date last insured. (Tr. 33, Finding 11).

Thereafter, Plaintiff requested the review of the Appeals Council. (Tr. 10). On February 3, 2015, the Appeals Council denied this request for review. (Tr. 1-3). On April 8, 2015, Plaintiff filed his Complaint in this matter. ECF No. 1. The Parties consented to the jurisdiction of this Court on April 28, 2015. ECF No. 8. Both Parties have filed appeal briefs. ECF Nos. 13-16. This case is now ready for decision.

**2.**    **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 1. Specifically, Plaintiff claims the following: (1) the ALJ erred by failing to fully and fairly develop the record; (2) the ALJ erred in finding her impairments are non-severe; and (3) the ALJ erred in assessing her RFC. ECF No. 13 at 4-11. Because the Court finds the ALJ erred by finding her diabetes was non-severe, this case must be reversed and remanded.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*). *See also Kirby v. Astrue,*

5

500 F.3d 705, 707-09 (8th Cir. 2007).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

In this case, Plaintiff alleged being disabled due to diabetes. (Tr. 153). In his opinion, the ALJ recognized Plaintiff's diagnosis but then found that impairment was not severe. (Tr. 27-28). In his opinion, the ALJ stated the following: "Finally, concerning her diabetes, the evidence of record suggests that this condition was being managed medically and should be amenable to proper control by adherence to recommended medical management and medication compliance." (Tr. 28).

The ALJ, however, does not provide sufficient support for this finding. Notably, the ALJ provided only one example from Plaintiff's medical records to support his finding that Plaintiff's diabetes was "well controlled." (Tr. 28). Specifically, the ALJ stated the following regarding her diabetes: "In fact, a measurement of her A1C levels in 2012 yielded a result of 6.5, suggesting her condition is well controlled." (Tr. 28). The ALJ, however, *completely neglected* to mention that shortly thereafter in 2012, Plaintiff's A1C levels were "up from 6.5" and had gone up to 9.6. (Tr. 263). Notably, apart from this one example of Plaintiff's A1C levels at 6.5, the ALJ provides no other medical support for his determination that Plaintiff's diabetes was non-severe.

Based upon these facts, the Court finds the ALJ's determination that Plaintiff's diabetes was non-severe is not supported by substantial evidence in the record. Thus, this case must be reversed

and remanded for further consideration of this issue.

4.     **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 15th day of January 2016.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE